**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2280
_____

IN RE: THOMAS W. OLICK,
Debtor


THOMAS W. OLICK,
Appellant

v.

WILLIAM C. HOUSE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:17-cv-01610)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2020
Before: SHWARTZ, RESTREPO, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2020)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Thomas W. Olick, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court, which granted the defendant's motion for summary judgment. For the reasons that follow, we will affirm.

Because the parties are familiar with the background of this case, which is thoroughly recited in the Bankruptcy Court's Memorandum, we will revisit the facts only briefly. On March 3, 2003, Olick filed his third adversary complaint in Bankruptcy Court against William C. House, who had earlier represented Olick in bankruptcy and arbitration proceedings. In that complaint, Olick alleged breach of contract, fraud, negligence and malpractice, and breach of fiduciary duty. On January 28, 2010, the Bankruptcy Court dismissed that adversary proceeding, identified as "House III," for lack of subject matter jurisdiction because the administration of the underlying bankruptcy case was complete. Olick did not seek review of that dismissal.

Instead, on February 4, 2010, Olick filed in a separate bankruptcy case another adversary complaint, identified as "House IV," that was nearly identical to the one filed in House III. House filed a motion to dismiss, arguing, among other things, that Olick's claims were barred by res judicata and the applicable statutes of limitation. The Bankruptcy Court granted that motion, agreeing that Olick's claims were barred by res judicata because they had been raised, or could have been raised, in an adversary

2

proceeding that Olick had initiated in 1999.  In re Olick, 2011 WL 2565665 (Bankr. E.D. Pa. June 28, 2011).  On appeal, the District Court affirmed in part and reversed in part, concluding that Olick's breach of contract and negligence/malpractice claims—insofar as they pertained to certain defendants in the arbitration proceedings—should not have been dismissed on res judicata grounds.  In re Olick, 2012 WL 6592208, at *10 (E.D. Pa. Dec. 18, 2012).[1]  The District Court considered the applicable statutes of limitations as a potential alternative basis for dismissal but noted that it could not determine when the surviving claims accrued.  Id. at 8.

Following remand to the Bankruptcy Court, House filed a motion for summary judgment, alleging, in part, that Olick's claims were barred by the applicable statutes of limitations.  The Bankruptcy Court granted that motion, holding that Olick did not show the existence of competent evidence supporting each element of his claims and, alternatively, that his claims were barred by the applicable statutes of limitations.  In re

---

[1] The District Court agreed, however, that Olick's claims based on House's representation in the bankruptcy proceeding were barred by res judicata.  Olick, 2012 WL 6592208, at *4.  In addition, to the extent that Olick challenged House's representation in the arbitration proceedings against a group known as the Hancock parties, the District Court concluded that Olick's claims were time-barred.  Id. at *6-7.  Olick does not challenge these determinations on appeal.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (stating that arguments that are not raised on appeal are generally deemed waived).

Olick, 565 B.R. 767 (Bankr. E.D. Pa. 2017). On appeal, the District Court affirmed solely on the basis that Olick's claims were time-barred. Olick timely appealed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). "In reviewing a summary judgment decision of the Bankruptcy Court, we apply, as did the District Court, a plenary standard to legal issues." In re Tops Appliance City, Inc., 372 F.3d 510, 513 (3d Cir. 2004).

State law supplies the statute of limitations and tolling principles applicable to Olick's legal malpractice and breach of contract claims. See In re Mushroom Transp. Co., Inc., 382 F.3d 325, 335-36 (3d Cir. 2004).[3] Pennsylvania imposes a two-year statute of limitations on tortious conduct, including legal malpractice actions, 42 Pa. C.S.A. § 5524, and a four-year statute of limitations for breach of contract claims, 42 Pa. C.S.A. 5525(a). Generally, the statute of limitations on those actions begins to run upon the occurrence of the alleged breach of duty. Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 572-74 (Pa. Super. Ct. 2007).

---

[2] Olick also filed a motion for reconsideration. The District Court denied that motion, and Olick did not amend his notice of appeal or file a new notice of appeal. Therefore, we lack jurisdiction over the denial of the motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B); Carrascosa v. McGuire, 520 F.3d 249, 253 (3d Cir. 2008).

[3] As in Mushroom Transportation, there is no indication here that borrowing Pennsylvania's tolling principles frustrates any federal policy or objective. See 382 F.3d at 335-36.

Here, the Bankruptcy Court concluded that Olick's surviving claims against House accrued, at the latest, on July 20, 2001, the date on which the arbitration proceedings concluded, because "it is plausible that Olick was not aware that he had suffered any cognizable damage" until that time. Olick, 565 B.R. at 792; see also Knopick v. Connelly, 639 F.3d 600, 614 (3d Cir. 2011) (applying Pennsylvania's discovery rule to a legal malpractice claim). Olick does not argue for application of that accrual date. See Kost, 1 F.3d at 182 (3d Cir. 1993). Instead, Olick asserts that the statute of limitations did not begin to run until 2004, when we rejected an appeal of the District Court's order confirming the award issued by the arbitration panel. As part of this argument, Olick alleges that the Bankruptcy Court had advised him in 1999 that his claims against House would not ripen until any arbitration award became final through the conclusion of all appeals. But even assuming that the applicable two- and four-year statutes of limitations began to run in 2004, as Olick suggests, his claims are untimely because he did not initiate House IV until 2010.

Alternatively, Olick argues that the statute of limitations should be tolled until June 5, 2014, because, until that date, House had "conceal[ed]" evidence that should have been produced in discovery. See Lake v. Arnold, 232 F.3d 360, 367-68 (3d Cir. 2000) (recognizing that Pennsylvania's equitable estoppel doctrine can toll the statute of limitations when a defendant intentionally misinforms or conceals information from a plaintiff). Olick, however, does not identify that evidence or explain how its alleged

5

withholding prevented him from discovering an injury.[4]  See Fine v. Checcio, 870 A.2d 850, 860 (Pa. 2005) (stating that the "plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence").  Olick does not otherwise argue that he was affirmatively misled regarding the statute of limitations or that some extraordinary circumstance prevented him from timely asserting his claims.

As the District Court correctly explained, the only way that House IV could be considered timely filed is if Pennsylvania's "savings statute" applies.  That statute, 42 Pa. C.S.A. § 5535(a), provides that "if a civil action or proceeding is timely commenced and is terminated [for a reason other than a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute, or a final judgment on the merits], a party … may … commence a new action or proceeding upon the same cause of action within one year of the

---

[4] On January 14, 2016, Olick filed in the Bankruptcy Court a motion to amend the adversary complaint, apparently based on documents produced by House in 2014.  The Bankruptcy Court denied that motion.  To the extent that Olick seeks to challenge the Bankruptcy Court's denial, his claim has been waived because he did not raise it on appeal to the District Court.  See In re Tribune Media Co., 902 F.3d 384, 397 (3d Cir. 2018) (stating that a person appealing a bankruptcy court's adverse order waives appellate arguments in the court of appeals by failing to raise those arguments in his appeal to the district court).  In any event, as the Bankruptcy Court noted, Olick did "not seek to amend for the purpose of adding parties or claims and it is unnecessary to effectuate an amendment for purposes of detailing more evidence that might be introduced at trial to support an already pled claim."  See In re Madera, 586 F.3d 228, 234 (3d Cir. 2009) (stating that a court may deny leave to amend where amendment would be futile).

termination ….".[5]  Here, Olick commenced House III in March 2003, but that action was dismissed for lack of jurisdiction.  One week later, Olick filed House IV, which contained claims nearly identical to those in House III.  If the savings statute applied, then Olick's claims would be timely because House IV was filed within one year of the dismissal for lack of jurisdiction of House III.  In a precedential opinion, we have predicted, however, that the Pennsylvania courts would not extend § 5535(a) to actions filed in federal court, and we see nothing in more recent state case law that would undermine that prediction.  See Jewelcor Inc. v. Karfunkel, 517 F.3d 672, 675-76 (3d Cir. 2008).  Because Olick commenced House III by filing an adversary complaint in Bankruptcy Court, the savings statute does not preserve the claims raised within that action.  See In re DMW Marine, LLC, 509 B.R. 497, 510 n.21 (Bankr. E.D. Pa. 2014) (explaining that adversary proceeding in Bankruptcy Court would not toll statute of limitations because § 5535(a) does not apply to actions first commenced in federal court).  Accordingly, the claims raised in House IV, which was filed in February 2010, are untimely, even if they accrued, as Olick alleges, in 2004.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] The statute does not apply to an "action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another."  § 5535(a)(2)(i).  Olick's adversary claims against House do not fall under this exception.